**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

**CONSUMER PROTECTION DIVISION OFFICE OF THE MARYLAND ATTORNEY GENERAL,**

**Plaintiff,**

**v.**

**VIRGINIA COLLEGE, LLC,**

**Defendant.**

**CASE NO.:**

**NOTICE OF REMOVAL**

**To the Clerk of the United States District Court for the District of Maryland:**

John F. Kennedy, solely in his capacity as receiver (the "Receiver") over Defendant Virginia College, LLC ("Virginia College"), hereby files this Notice of Removal under 28 U.S.C. § 1442(a) and Federal Rule of Civil Procedure 81(c).

The Receiver removes this action from the Circuit Court for Baltimore City, Maryland ("Maryland Circuit Court") to the United States District Court for the District of Maryland. This action is removable pursuant to 28 U.S.C. § 1442(a) because it is "[a] civil action … that is commenced in a State court and that is against or directed to … [a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties." 28 U.S.C. § 1442(a)(3).[1]

In support of this Notice of Removal, the Receiver submits the Declaration of James Banter and exhibits thereto ("Banter Declaration"),[2] and further states the following:

---

[1] In the alternative, this action is removable to this Court under 28 U.S.C. § 1331 insofar as the right to relief sought by the Plaintiff depends upon a determination under the Receivership Order (as defined herein).

[2] Contemporaneous with this Notice of Removal, the Receiver, on behalf of Virginia College, is filing a Motion to Transfer Venue to the United States District Court for the Middle District of Georgia, Macon Division.

## PROCEDURAL BACKGROUND

1. On August 8, 2019, the Consumer Protection Division of the Office of the Maryland Attorney General (the "CPD") filed a Petition to Enforce Administrative Subpoena (the "Petition") in the Maryland Circuit Court, naming Virginia College as the respondent. *See Consumer Protection Division, Office of the Maryland Attorney General v. Virginia College, LLC*, Civil Action No. 24 C 194269 (the "State Court Action").

2. As of the date of the filing of this Notice of Removal, Virginia College has not been formally served with a summons or the Petition.

3. Attached as **Exhibit 1** to the Banter Declaration is a true and legible courtesy copy of the Petition provided to Respondent on August 8, 2019. *See* Banter Decl. at ¶7.[3] Respondent has not been formerly served with any process, pleading, documents, or orders from the State Court Action.

### *The Parties*

4. Plaintiff CPD is a Maryland state agency. (*See* Petition at ¶1.) CPD is "responsible for enforcement of Maryland consumer protection laws, including the Maryland Consumer Protection Act." (*Id.*)

5. Defendant Virginia College is an Alabama limited liability company. (*See id.* at ¶4; Banter Decl. at ¶4.) Virginia College's sole member is Education Corporation of America. (*See* Banter Decl. at ¶4.) Virginia College offered post-secondary educational programs to students at three separate schools in Maryland until those campuses closed in December 2018. (*See id.* at ¶5.)

6. The Receiver, John F. Kennedy, is a Georgia resident. (*See id.* at ¶3.) On

[3] The Petition is one of the documents contained within **Exhibit 1** to the Banter Declaration. Attached as Exhibit A to the Petition is the Receivership Order (as defined below). Attached as Exhibit B to the Petition is the Subpoena (as defined below).

November 14, 2018, the United States District Court for the Middle District of Georgia, Macon Division, appointed Mr. Kennedy as Receiver over Education Corporation of America, Virginia College, and New England School of Business and Finance (collectively, "ECA"). (*See* Order Appointing Receiver and Preliminary Injunction, *VC Macon GA, LLC v. Virginia College, LLC, et al.*, Case No. 5:18-cv-00388-TES (M.D. Ga. filed Nov. 14, 2018) (D.E. 26) (the "Receivership Order").) Pursuant to the Receivership Order, the Middle District of Georgia granted the Receiver, as the Court's officer, the power to collect, marshal, preserve and liquidate ECA's assets and property (the "Receivership Estate") for the benefit of all creditors.

***The State Court Action***

7. CPD filed its Petition in the Maryland Circuit Court on August 8, 2019 to enforce an administrative subpoena (the "Subpoena") that CPD had previously issued to "Virginia College, LLC c/o John F. Kennedy, as Court Appointed Receiver" on May 10, 2019. The Subpoena was issued in connection with CPD's investigation into Virginia College's compliance with the Maryland Consumer Protection Act and Consumer Financial Protection Act. (*See* Petition at ¶¶ 9-10.)

**ARGUMENT**

**I. The State Court Action Is Removable Under 28 U.S.C. 1442(a)**

The State Court Action is removable to this Court under 28 U.S.C. § 1442(a), which is commonly referred to as the Federal Officer Removal Statute. In relevant part, the Federal Officer Removal Statute provides that "[a] civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending. . . . Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties." 28 U.S.C. § 1442(a)(3).

It is the general rule that an action may be removed from state court to federal court only if a federal district court would have original jurisdiction over the claim in suit. *See* 28 U.S.C. § 1441(a). However, "[w]hen removal is sought under [28 U.S.C. § 1442(a)], the moving party does not have to establish that the federal court had original jurisdiction, such as diversity or federal question jurisdiction." *Scherer v. Flannagan*, No. 02-4010-DES, 2002 WL 570677, at *1 (D. Kan. Apr. 10, 2002). "Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law." *Jefferson Cty., Ala. v. Acker*, 527 U.S. 423, 431 (1999).

The Supreme Court has observed that the purpose of the Federal Officer Removal Statute is to protect the lawful activities of the federal government from undue state interference. *See Willingham v. Morgan*, 395 U.S. 402, 406 (1969). "Unlike the general removal statute, which must be 'strictly construed in favor of remand,' the federal officer removal provision must be liberally interpreted." *Mid-City Neighborhood Org. v. Gusman*, No. CV 18-3705, 2018 WL 4846632, at *3 (E.D. La. Oct. 5, 2018) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

Courts have fashioned a three-part test under 28 U.S.C. § 1442(a)(3). To qualify for removal, it must be shown that (1) the state court action is against an "officer of the courts of the United States"; (2) the action is "against or directed to" the officer "for or relating to any act under color of office or in the performance of his duties"; and (3) the officer must "raise a colorable federal defense." 28 U.S.C. § 1442(a)(3); *see also Acker*, 527 U.S. at 431; *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 254 (4th Cir. 2017) (listing three elements to be satisfied for removal under 28 U.S.C. § 1442(a)(1)). As further explained below, removal of the State Court Action is proper under 28 U.S.C. § 1442(a)(3) for the following reasons: (1) the Receiver is an

"officer of the courts of the United States"; (2) the State Court Action is "against or directed to" the Receiver "for or relating to any act under color or office or in the performance of his duties"; and (3) the Receiver has raised a "colorable federal defense" to the action.

**A. The Receiver is an "officer of the courts of the United States"**

First, the Receiver is an "officer of the courts of the United States." 28 U.S.C. § 1442(a)(3). Mr. Kennedy was appointed as Receiver over Virginia College by the United States District Court for the Middle District of Georgia. (*See generally* Receivership Order.) Courts have consistently held that federal court-appointed receivers are considered "officer[s] of the courts of the United States" for purposes of removal under 28 U.S.C. § 1442(a)(3). *See, e.g.*, *Med. Dev. Int'l v. California Dep't of Corr. & Rehab.*, 585 F.3d 1211, 1216 (9th Cir. 2009) ("It is obvious that the requirement for removal under the statute is met [because] '[A] receiver is an officer of the courts of the United States....'" (quoting *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1312 (9th Cir. 1981))); *Sterling v. Stewart*, 158 F.3d 1199, 1201 (11th Cir. 1998) ("[A] receiver [becomes] a neutral court officer appointed by the court."); *Gen. Elec. Capital Corp. v. Emergystat, Inc.*, Case No. 6:08-cv-0017-SLB (N.D. Ala. Mar. 30, 2019) (D.E. 99) ("A Receiver is an officer of the United States."); *Gay v. Ruff*, 292 U.S. 25 (1934) (same). Accordingly, the Receiver in this case satisfies the "officer of the courts of the United States" requirement under 28 U.S.C. § 1442(a)(3).

**B. The State Court Action is "directed to or against" the Receiver "for or relating to any act under color of office or in the performance of his duties"**

Second, the State Court Action is an action that is "against or directed to" the Receiver and is "for or relating to any act" of the Receiver "under color of office or in the performance of his duties." 28 U.S.C § 1442(a)(3). While CPD named "Virginia College, LLC" as the defendant

in the State Court Action, the Petition's allegations demonstrate that this action, for all practical purposes, is "against or directed to" Mr. Kennedy in his capacity as the Receiver appointed over Virginia College. For example, the Petition states that CPD emailed the Subpoena to the Receiver and the Receiver's counsel on May 13, 2019. (*See* Petition at ¶11.) The Subpoena itself states that it was "issued to" "Virginia College, LLC **c/o John F. Kennedy, Court Appointed Receiver**." (*See* Subpoena (emphasis added).) CPD also alleges that negotiations concerning the Subpoena's scope and Virginia College's deadline to respond were conducted between CPD and the Receiver and the Receiver's counsel. (*See* Petition at ¶¶11-14.) Indeed, per the terms of the Receivership Order, it is the Receiver, not Virginia College, who has custodial control of the records that CPD requests in its subpoena. (*See* Receivership Order at p. 4 (appointing the Receiver to take "immediate possession" of ECA's "business interests and property").) And it is the Receiver, not Virginia College, who has the sole authority to determine whether to undertake the cost and time-intensive effort of collecting documents responsive to the Subpoena, to the extent they even exist. (*See id.* (granting the Receiver the power to "operate ECA's Business and the Receivership Property in the ordinary course").) The State Court Action is thus an action that is "against or directed to" the Receiver. *See Royster v. Bd. of Church Extension*, No. 105CV1383DFHVSS, 2006 WL 3247244, at *1 (S.D. Ind. Mar. 2, 2006) (denying motion to remand where receiver, who was not a named defendant, removed action under 28 U.S.C. § 1442(a)(3) "in his capacity as receiver for" the named defendant).

The State Court Action is likewise one that "for or relating to any act" taken by the Receiver "under color of office or in the performance of his duties." 28 U.S.C § 1442(a)(3). The requirement of "under color of office or in the performance of his duties" has been construed to require a "causal connection" between the charged conduct and the actions "entrusted to the

receiver in his capacity as receiver." *Med. Dev.*, 585 F.3d at 1216. The Petition seeks an order that requires Virginia College to comply with the requests for documents in the Subpoena. The Receiver was appointed by Judge Self of the U.S. Middle District for the Middle District of Georgia to be the sole individual charged with managing and controlling Virginia College's records and other property. The Receiver was also appointed by Judge Self to be the individual responsible for responding to lawsuits filed against Virginia College. The Petition effectively is a challenge to the Receiver's "performance of his duties" that were delegated and entrusted to him by Judge Self pursuant to the Receivership Order. *See Patterson v. Kelso*, No. 2:16-CV-0719 AC P, 2016 WL 4126726, at *2 (E.D. Cal. Aug. 2, 2016), *aff'd*, 698 F. App'x 393 (9th Cir. 2017) ("In other words, removal under § 1442 is proper where the claims are related to defendant's performance of his court-appointed duties.").

The Ninth Circuit has explained that "where … a plaintiff is challenging a receiver's personal dereliction of court imposed duties and complaining of a receiver's conduct before the appointing federal court, the issues and defenses to be tried would involve an examination of the duties and obligations of the receiver as ordered by the appointing federal court. **As such, the acts of the receiver in issue are directly under color of office or in the performance of court imposed duties. Since an examination of the receiver's acts directly involves an examination of the appointing federal court's orders, there is a strong federal interest in providing federal court access**." *Ely Valley Mines*, 644 F.2d at 1313 (emphasis added); *State of Fla. v. Cohen*, 887 F.2d 1451, 1454 (11th Cir. 1989) (contempt proceeding involving subpoena issued by state court to federal agents was properly removable).

CPD is similarly "challenging" the Receiver's duty to respond to the Subpoena. And like in *Ely Valley Mines*, the Receiver's acts here "directly involve[] an examination of" the

Receivership Order. Accordingly, the State Court Action is one "for or relating to … act[s]" taken by the Receiver "under color of office or in the performance of his duties." 28 U.S.C § 1442(a)(3).

**C. The Receiver has raised a "colorable federal defense"**

Finally, the Receiver has "raised a colorable federal defense." *Acker*, 527 U.S. at 431. "At its core, the defense prong requires that the defendant raise a claim that is 'defensive' and 'based in federal law.'" *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 138 (2d Cir. 2008) (quoting *Mesa v. California*, 489 U.S. 121, 129-30 (1989)). To be "colorable," the "defense need only be plausible; its ultimate validity is not to be determined at the time of removal." *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996).

In *Acker*, the United States Supreme Court explained that "[i]n construing the colorable federal defense requirement, we have rejected a 'narrow, grudging interpretation' of the statute." 527 U.S. at 431 (citing cases). The Second Circuit has similarly noted that "[c]ourts have imposed few limitations on what qualifies as a colorable federal defense." *Isaacson*, 517 F.3d at 138. Here, the Petition's allegations against the Receiver – not responding to the Subpoena's document requests – implicate the scope of the Receiver's authority under the Receivership Order, which was entered by a federal court. The Receivership Order specifies what the Receiver can do with respect to property of the Receivership Estate, which includes the records that were the subject of CPD's subpoena request. Thus, the issues and defenses to be litigated in this case would involve an investigation of the duties and obligations of the Receiver as ordered by the U.S. District Court for the Middle District of Georgia. *See Conjugal P'ship Comprised by Jones v. Conjugal P'ship Comprised of Pineda*, 734 F. Supp. 41, 43 (D.P.R. 1990) (holding that a "colorable federal defense" was raised by a federal court reporter where the reporter "served at

the pleasure of the Court and as such could be dismissed for cause" and reasoning that "this defense involves an examination of the federal court's orders, therefore access of this case to federal court is warranted"); *Gen. Elec. Capital Corp. v. Emergystat, Inc.*, Doc. 99, Case No. 6:08-cv-0017-SLB (N.D. Ala. Mar. 30, 2019) (granting notice of removal filed by receiver where plaintiffs alleged that receiver exceeded authority under his receivership appointment since the allegations "raise issues that will require an examination of the order appointing [the] receiver.").

For all the foregoing reasons, removal of the State Court Action to this Court is proper under 28 U.S.C. § 1442(a)(3).

**II. The Receivership Order Authorizes This Removal**

The Receivership Order, issued by the Middle District of Georgia on November 14, 2018, also permits the removal of the State Court Action (and eventual transfer to the Middle District of Georgia). Paragraph 5 of the Receivership Order expressly provides that the Receiver has the authority to "remove, and/or transfer to" the Middle District of Georgia "any action in which a claim is asserted against ECA or its affiliates," "for the purpose of prosecuting or defending the claim." (Receivership Order at ¶5.)

Paragraph 5 of the Receivership Order also provides that "this Order does not transfer actions in which a state agency is a party and as to which such state agency is exercising its police or regulatory powers." CPD states in its Petition that the Subpoena was issued "pursuant to [the CPD's] police and regulatory powers to investigate and take enforcement actions when the CPA has been violated[.]" (*See id*.) However, an analysis of the Subpoena and the Petition demonstrate that CPD is not exercising its state "police or regulatory powers" in the State Court Action, and therefore this action is removable notwithstanding Paragraph 5. CPD's Petition is nothing more than an attempt to interfere with assets of the Receivership Estate, with the

ultimate goal of obtaining a money judgment against the Receiver and Receivership Estate. CPD's Petition complains that "the Receiver has filed a motion seeking approval to sell $3,924,606 in existing student debt owed to [Virginia College] by Marylanders, the very same debt the Division may seek to extinguish if its investigation shows that Maryland law has been violated." (*Id.* at ¶15.) The Petition further states that "among the remedies that may be sought by the [CPD] is the disgorgement of payments made by students, restitution to consumers, . . . [the] costs of the action, . . . and civil penalties." (*Id.* at ¶9.) Recovering monetary damages, however, is not a traditional state "police power." *C.f. In re Enron Corp.*, 314 B.R. 524, 538 (Bankr. S.D.N.Y. 2004) (explaining that "police power" exception to the automatic stay "does not apply … [w]hen the primary purpose of a government lawsuit is to seek money damages or other monetary relief for past conduct, and not to prevent future conduct that could harm the public health or safety). The government's pursuit of a remedy for alleged past misconduct, as opposed to ongoing misconduct, is also not a proper state "police power." *Id.*

Here, CPD's purpose is clearly to advance its pecuniary interest and to otherwise interfere with the Receivership Estate. Virginia College's three campuses in Maryland closed in December 2018, and thus it is no longer operating in that state. (*See* Banter Decl. at ¶¶5-6.) Accordingly, Paragraph 5 of the Receivership Order expressly authorizes the removal of the State Court Action.[4]

**III. This Notice of Removal Is Timely**

The Receiver received notice of CPD's lawsuit on or about August 8, 2019, when a copy of the soon-to-be-filed Petition was emailed to the Receiver and counsel for the Receiver. (*See*

[4] Any judicial determination about the effect of Paragraph 5 with respect to the proper venue for this action should be made by Judge Self of the Middle District of Georgia insofar as Judge Self expressly retained jurisdiction to "interpret any provision of, and resolves all disputes with respect to, this [Receivership] Order." (Receivership Order at p. 15.)

Banter Decl. at ¶8.) Removal is therefore timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed before the 30-day period set forth in 28 U.S.C. § 1446(b) expired. Additionally, notice is timely because it has been filed within one year after the original Petition was filed.

**IV. All Other Removal Prerequisites Have Been Satisfied**

Removal to the United States District Court for the District of Maryland, Northern Division is proper under 28 U.S.C. § 1441 and 28 U.S.C. § 100(1) since this is the district and division within which the State Court Action was filed. Likewise, written notice of this Notice of Removal, with a copy of this Notice of Removal attached, will be promptly filed with the Maryland Circuit Court as required by 28 U.S.C. § 1446(d). The prerequisites for removal under 28 U.S.C. § 1442 have, therefore, been met.

For all the foregoing reasons, and because the State Court Action is one within the jurisdiction of the federal district courts, the action is removable to federal court under 28 U.S.C. § 1442(a).

If any question arises as to the propriety of the removal of this action, the Receiver requests the opportunity to submit a brief and present oral argument in support of its position that this case was properly removed. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014).

The Receiver has sought no similar relief with respect to this matter.

**CONCLUSION**

For the foregoing reasons, the Receiver respectfully gives notice that this action has been removed from the Maryland Circuit Court to the United States District Court for the District of Maryland.

DATE: August 14, 2019

Respectfully submitted,

*/s/ Aaron A. Nichols*
Aaron A. Nichols
Federal Bar No.: 19563
Adam Cizek
Federal Bar No.: 27144
**WHITEFORD, TAYLOR, AND PRESTON, LLP**
7 St. Paul Street
Suite No. 1500
Baltimore, Maryland 21202
T: (410) 347-8700
F: (410) 223-3497
anichols@wtplaw.com
acizek@wtplaw.com

Of Counsel:

*/s/ James F. Banter*
John F. Kennedy, *Court Appointed Receiver*
James F. Banter
*Counsel to John F. Kennedy, Receiver*
**JAMES, BATES, BRANNON, GROOVER LLP**
231 Riverside Drive
P.O. Box 4283
Macon, Georgia 31201
T: 478-749-9992
F: 478-742-8720
jkennedy@jamesbatesllp.com
jbanter@jamesbatesllp.com

*/s/ Ollie A. Cleveland, III*
Ollie A. Cleveland, III
*Special Counsel to John F. Kennedy, Receiver*
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
Suite 2400, Regions/Harbert Plaza
Birmingham, Alabama 35203-2618
T: (205) 254-1000
F: (205) 254-1999
tcleveland@maynardcooper.com

*Attorneys for Defendant Virginia College, LLC and Special Counsel to the Receiver*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of August, 2019, I electronically filed the foregoing Notice of Removal, Civil Action Cover Sheet, Disclosure Statement, Declaration of James Banter with the Clerk of the Court by using the CM/ECF system which served notice of this electronic filing upon the following and/or a true and accurate copy was mailed to the following via regular mail, postage prepaid:

*Attorney for Plaintiff*

Christopher J. Madaio
Assistant Attorney General
Consumer Protection Division
Office of the Attorney General of Maryland
200 St. Paul Place, 16th Floor
Baltimore, MD 21202

*/s/ Aaron A. Nichols*
Aaron A. Nichols